IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY GRAVES                                                           PLAINTIFF

vs.                              Civil No. 4:22-cv-04011

COMMISIONER, SOCIAL
SECURITY ADMINISTRATION                                              DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 23.  Defendant has responded and objected to this Motion.  ECF No. 24.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to the Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court enters the following report and recommendation.

1.      **Background:**

On February 9, 2022, Gary Graves ("Plaintiff") appealed to the Court from the Secretary of Social Security Administration's ("SSA") denial of his request for disability benefits.  ECF No. 1.  On January 23, 2023, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 22.

On February 22, 2023, Plaintiff filed this Motion.  ECF No. 23.  With this Motion, Plaintiff requests an award of $5,753.80 in attorney's fees.  *Id.*  This amount represents 1.60 hours for work performed in 2021 at an hourly rate of $218.00, 21.30 hours for work performed in 2022 at an hourly rate of $235.00, and 1.70 hours for work performed in 2023 at an hourly rate of $235.00.

*Id.* Defendant objected to the Plaintiff's request for an hourly rate of $218.00 for work performed in 2021 and $235.00 for work performed in 2022.  ECF No. 24.

**2.    Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

unreasonable government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).  *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3.      <u>**Discussion**</u>:

In the present action, Plaintiff's case was remanded to the SSA.  ECF No. 22.  Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA.  ECF No. 24.  The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $5,753.80.  ECF No. 23.  This amount represents 1.60 hours for work performed in 2021 at an hourly rate of $218.00, 21.30 hours for work performed in 2022 at an hourly rate of $235.00, and 1.70 hours for work performed in 2023 at an hourly rate of $235.00.  *Id.*  Defendant has objected to Plaintiff's request for $218.00 for the work performed in 2021 and $235.00 for work performed in 2022.  These attorney hourly rates are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates.  *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.  In the present action, the Court finds the CPI-South Index authorizes $206.00 for work performed in 2021, $221.00 for work

performed in 2022, and $235.00 for work performed in 2023.  Thus, the Court awards those hourly rates.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 23.  This Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Thus, the Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,436.40 representing 1.60 hours for work performed in 2021 at an hourly rate of $206.00, 21.30 hours for work performed in 2022 at an hourly rate of $221.00, and 1.70 hours for work performed in 2023 at an hourly rate of $235.00.

As a final point, *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See Astrue v. Ratliff,* 560 U.S. 586 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.    Conclusion:**

 Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 23) be **GRANTED**, and Plaintiff be awarded **$5,436.40**.  This amount represents 1.60 hours for work performed in 2021 at an hourly rate of $206.00, 21.30 hours for work performed in 2022 at an hourly rate of $221.00, and 1.70 hours for work performed in 2023 at an hourly rate of $235.00.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

4

reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

     ENTERED this 6th day of March 2023.

/S/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE